**MORROW RADIO MANUFACTURING CO., an Oregon corporation, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 255–59.**

United States District Court
D. Oregon.

Nov. 13, 1959.

Bernard Shevach, Portland, Oregon, Clodfelter & Bowden and Allen A. Bowden, Seattle, Washington, for plaintiff.

C. E. Luckey, U. S. Atty., Portland, Or., for defendant.

KILKENNY, District Judge.

Plaintiff seeks to recover $1,658.03, plus interest, the amount of the Federal manufacturer's excise tax alleged to have been illegally and erroneously paid to defendant. Defendant denies plaintiff's claim and counter-claims for $10,-533.60, for unpaid excise taxes from October 1, 1955, through June 30, 1958.

Section 4141 of the Internal Revenue Code of 1954, as amended, 26 U.S.C.A. § 4141, imposed a tax on the sale by a manufacturer of radio receiving sets, automobile radio receiving sets and radio components. Plaintiff admits that it was a manufacturer of articles hereinafter specified within the period in question.

The issues of fact as outlined in the pre-trial order are as follows:

1. Whether any of the articles manufactured and sold by plaintiff during the period from October 1, 1955, through September 30, 1958, were of an "entertainment type."

2. Whether any of the articles manufactured and sold by plaintiff during the

period from October 1, 1955, through September 30, 1958, were radio components.

3. Whether the amounts mentioned in issue of fact No. 3 were included in the price of the article or collected from the persons who purchased the articles.

The articles manufactured and sold by the plaintiff and involved in this proceeding are described as fixed tuned receivers, converters, speakers and power supplies. Said receivers included the chassis, cabinet and other parts necessary to a complete radio set other than the converter, the power supply and speaker. Sometimes the converter was assembled with the receiver in the same cabinet.

██ It is clear that the language, "radio receiving sets," as used in § 4141 of the 1954 Internal Revenue Code, as amended, means a complete radio receiving set, consisting of loud speaker, power supply unit, chassis, cabinet, tubes, receiver and antennae of the built-in type, if any. Plaintiff admits that the loud speaker was separate from and could be used independently of the other items. The documentary evidence, and also the oral testimony, shows that the articles manufactured were not sold as complete radio receiving sets. Therefore, the plaintiff was manufacturing and selling at least one component of a "radio receiving set," as intended by the statute. That the speaker is part of a receiving set there can be no doubt. Philadelphia Storage Battery Co. v. Radio Corporation of America, 22 Del. Ch. 211, 194 A. 414, 432.

Whether we adopt the definitions of the articles as set forth in Philadelphia Storage Battery Co. v. Radio Corporation of America, supra, or as outlined in § 4142 of the 1954 Code, as amended, and Treasury Regulations, § 40.4142, we arrive at the conclusion that the plaintiff must necessarily be manufacturing and selling components of radio receiving sets. It is true that some of the plaintiff's witnesses would place a different meaning on the phrase, "radio components." However, I am not controlled by such testimony, but must accept the definitions given in the statute and the regulations and hold that the plaintiff was in truth and in fact manufacturing for sale radio components as intended by § 4141 and § 4142 of the Internal Revenue Code of 1954, as amended, when it manufactured and sold the fixed tuned receivers, converters, speakers and power supplies.

In view of this holding, issues of fact numbered 1 and 3 become academic. On the facts of the case, I would hold that the articles manufactured and sold by the plaintiff under issue of fact No. 1 were not of the "entertainment type" and that the amounts mentioned in issue of fact No. 3 were included in the price of the articles and collected from the persons who purchased the articles.